Betty A. BAKER and husband, Claude L. Baker

v.

VANDERBILT UNIVERSITY, John Flexner, M.D., and Richard Stein, M.D.

No. 3–84–0734.

United States District Court, M.D. Tennessee, Nashville Division.

July 23, 1985.

Norman D. Lane, Hildebrand, Nolan, Lane, Underhill, Mondelli & Porter, Nashville, Tenn., Marvin P. Nunley, Owensboro, Ky., for plaintiff.

John S. Bryant, Nancy-Ann E. Min, Bass, Berry & Sims, Nashville, Tenn., for defendant.

## MEMORANDUM

HIGGINS, District Judge.

The plaintiffs, Betty A. Baker and Claude L. Baker, have moved this Court for an order declaring the provisions of Tenn. Code Ann. § 29–26–119, abrogating the collateral source rule in medical malpractice cases, to be unconstitutional under both the United States Constitution and the Tennessee Constitution.[1] For the reasons set forth in this memorandum, this Court declines to issue such an order.

### I.

*United States Constitution*

The plaintiffs' challenge to Tenn.Code Ann. § 29–26–119 under the United States Constitution is grounded on the equal protection clause of the Fourteenth Amendment.[2] The plaintiffs assert that victims of medical malpractice are denied equal protection as compared with victims of other torts and that the classification between physicians guilty of malpractice and other tortfeasors is totally unreasonable.

The initial inquiry is the level of scrutiny to be applied to the statutory classification under attack. Generally, a classification is subject to strict scrutiny when it impermissibly interferes with the exercise of a fundamental right explicitly or implicitly protected by the Constitution (e.g., voting, travel, privacy) or operates to the particular disadvantage of a "suspect" class (e.g., race). *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 17, 93 S.Ct. 1278, 1288, 36 L.Ed.2d 16, 33 (1973). Under the strict scrutiny test, the government must demonstrate that its "classification has been precisely tailored to serve a compelling governmental interest." *Plyler v. Doe*, 457 U.S. 202, 217, 102 S.Ct. 2382, 2395, 72 L.Ed.2d 786, 799 (1982). Under the rational basis test, which is applicable to economic and social legislation not involving "suspect" classes or impinging upon fundamental rights, "[a] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland*, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393, 399 (1961). Under an intermediate level of scrutiny, which has been recognized in gender discrimination cases, a classification will be upheld only when it serves important government objectives and is substantially related to achievement of those objectives. *Craig v. Boren*, 429 U.S. 190, 197, 97 S.Ct. 451, 457, 50 L.Ed.2d 397, 407 (1976).

The plaintiffs, asserting that an "important" interest is implicated by the abrogation of the collateral source rule, contend that the appropriate standard of

---

**1.** Tenn.Code Ann. § 29–26–119 provides as follows:

In a malpractice action in which liability is admitted or established, the damages awarded may include (in addition to other elements of damages authorized by law) actual economic losses suffered by the claimant by reason of the personal injury, including, but not limited to cost of reasonable and necessary medical care, rehabilitation services, and custodial care, loss of services and loss of earned income, but only to the extent that such costs are not paid or payable and such losses are not replaced, or indemnified in whole or in part, by insurance provided by an employer either governmental or private, by social security benefits, service benefit programs, unemployment benefits, or any other source except the assets of the claimants or of the members of the claimants' immediate family and insurance purchased in whole or in part, privately and individually.

**2.** The equal protection clause of the Fourteenth Amendment provides that: "No State shall ... deny to any person within its jurisdiction the equal protection of the laws."

scrutiny is the intermediate level. Although the Supreme Court has indicated a willingness to go beyond the traditional very relaxed "rational basis" test in areas besides gender discrimination, *see, e.g., Plyler v. Doe,* 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982) (education); *Trimble v. Gordon,* 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977) (illegitimacy), and although the plaintiffs' view has been accepted by some Courts, *see, Carson v. Maurer,* 120 N.H. 925, 424 A.2d 825 (1980); *Arneson v. Olson,* 270 N.W.2d 125 (N.D.1978); *Doran v. Priddy,* 534 F.Supp. 30 (D.Kan. 1981), this Court agrees with the decisions of courts in Iowa, Arizona, California, and Nebraska, which employ the rational basis test. *See, Rudolph v. Iowa Methodist Medical Center,* 293 N.W.2d 550 (Iowa 1980); *Eastin v. Broomfield,* 116 Ariz. 576, 570 P.2d 744 (1977); *Barme v. Wood,* 37 Cal.3d 174, 689 P.2d 446, 207 Cal.Rptr. 816 (1984); *Prendergrast v. Nelson,* 199 Neb. 97, 256 N.W.2d 657 (1977). The Court also finds persuasive the recent decision of the Tennessee Supreme Court in *Harrison v. Schrader,* 569 S.W.2d 822 (Tenn.1978), which used a rational basis test in assessing the constitutionality of the three-year statute of limitations provided by the Tennessee Medical Malpractice Act. In reaching its conclusion, the Court believes that, although the judicial process is involved, Tenn.Code Ann. § 29–26–119 is primarily "economic and social legislation" regulating the relationship between physicians, patients, and insurance carriers, which, absent suspect classifications or impingement on fundamental rights, is governed by the rational basis test. *See, Hodel v. Indiana,* 452 U.S. 314, 331, 101 S.Ct. 2376, 2386–87, 69 L.Ed.2d 40, 55 (1981); *see also, Williamson v. Lee Optical of Oklahoma,*

348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). In addition, the Court simply does not believe that a medical malpractice litigant's right to receive payment for the same economic injuries from an insurance carrier as compared with litigants in other types of tort claims rises to the level of an "important" interest of constitutional magnitude.[3]

■ Applying the rational basis test to Tenn.Code Ann. § 29–26–119, the Court has little trouble in upholding the statute. The statute is rationally related to the legitimate governmental objective of reducing malpractice insurance premiums and health care costs, and the classification between medical malpractice litigants and other litigants is in furtherance of that objective. Thus, it is constitutional. *See, Western & Southern Life Insurance Co. v. State Board of of Equalization of California,* 451 U.S. 648, 668, 101 S.Ct. 2070, 2083, 68 L.Ed.2d 514, 530–31 (1981). Although the plaintiffs may or may not be correct that the "malpractice crisis" has ended, this determination is more properly made by the Tennessee Legislature than by this Court.[4] Certainly this Court is not convinced that the "legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker." *Vance v. Bradley,* 440 U.S. 93, 111, 99 S.Ct. 939, 949, 59 L.Ed.2d 171, 184 (1979).

## II.

*Tennessee Constitution*

The plaintiffs also attack Tenn.Code Ann. § 29–26–119 under Article 11, Section 8, of the Tennessee Constitution.[5] The

3. The essence of plaintiffs' insistence is an asserted constitutional right to be paid twice for the same economic injuries.

4. The concept that it is the Court's function to pass on the wisdom of legislative policy is disclaimed.

5. Article 11, Section 8, of the Tennessee Constitution provides in relevant part as follows:
    The Legislature shall have no power to suspend any general law for the benefit of any

particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunitie, [immunities] or exemptions other than such as may be, by the same law extended to any member of the community, who may be able to bring himself within the provisions of such law.

Court regards the decision of the Tennessee Supreme Court in *Harrison v. Schrader*, 569 S.W.2d 822 (Tenn.1978), which upheld another section of the Medical Malpractice Act against a similar challenge, as controlling on this issue. Even if the Court believed otherwise, in light of the delicate federal-state balance, the Court would be extremely hesitant to invalidate a State statute on State constitutional grounds, absent clear guidance from the Tennessee Courts.

### III.

Accordingly, the plaintiffs' constitutional challenge to Tenn.Code Ann. § 29–26–119 is rejected. An appropriate order will be entered denying the plaintiffs' motion to declare this statute unconstitutional.